**FILED**

**FEB 16 2024**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL A WILLIAMS**<br>Plaintiff,<br><br>v.<br><br>**RESURGENT CAPITAL SERVICES L.P.**<br>Defendant, | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>) Case No.<br>)  1:24cv1351<br>)  Judge Matthew F. Kennelly<br>)  Magistrate Judge M. David Weisman<br>)  Random/CAT2<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL A WILLIAMS, respectfully alleges the following:

### PRELIMINARY STATEMENT

The Fair Debt Collection Practices Act (FDCPA) is a federal law enacted to protect consumers from abusive and deceptive practices by debt collectors. The FDCPA establishes guidelines and restrictions on how debt collectors may conduct their activities when attempting to collect debts from consumers. Its primary objectives are to promote fair treatment, prevent harassment, and ensure transparency in debt collection practices. The FDCPA applies to third-party debt collectors, not to creditors collecting their own debts. It sets forth specific rules regarding communication, disclosure of debt information, validation of debts, and remedies for violations. By enforcing these standards, the FDCPA aims to safeguard consumers' rights and promote responsible debt collection practices.

## I. INTRODUCTION

1. This is a civil action brought by Plaintiff Michael A Williams an individual consumer (hereinafter "Plaintiff"), seeking actual, statutory damages, and costs against Defendant RESURGENT CAPITAL SERVICES L.P. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA").

## II. JURISDICTION & VENUE

2. The jurisdiction of this court arises under 28 U.S.C § 1331 and 15 U.S.C § 1692k(d). The venue is proper pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claim occurred in this judicial district. Defendants transact business in, Chicago, IL.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## III. PARTIES

4. The Plaintiff, Michael A Williams is a natural person residing in Chicago, IL.

5. The Plaintiff is a consumer, as defined by 15 U.S.C. § 1692a(3).

6. The Plaintiff alleged debt is defined by 15 U.S.C. § 1692a(5) that has arisen from a transaction primarily for personal, family, or household purposes.

7. Upon information and belief, RESURGENT CAPITAL SERVICES L.P. is a Delaware corporation. RESURGENT CAPITAL SERVICES L.P. accepts service of process through its registered agent ILLINOIS CORPORATION SERVICE COMPANY 801

Adlai Stevenson Drive Springfield, IL 62703-4261. RESURGENT CAPITAL SERVICES L.P. principal place of business is 55 Beattie Place STE 110 Greenville, SC 29601.

8. The Defendant RESURGENT CAPITAL SERVICES L.P., is engaged in the collection of debt from consumers by using the mails and phone. The Defendant regularly attempts to collect consumer debts alleged to be due to another.

9. The Defendant RESURGENT CAPITAL SERVICES L.P. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. The acts of Defendants as mentioned in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendants" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

### IV. FACTUAL ALLEGATIONS

11. On or about January 23, 2023, the Plaintiff pulled his consumer reports (File Number: 345292081) maintained by Transunion a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

12. In the consumer report the Plaintiff noticed that LVNV FUNDING LLC c/o RESURGENT CAPITAL SERVICES L.P. the account 5178057590271271 the balance is inflated on the Plaintiff's consumer report.

13. The Defendant is attempting to collect an alleged debt of $1,373.83 allegedly owed to CAPITAL ONE BANK USA N.A.

14. On or about January 3, 2024, Plaintiff sent a letter to the Defendant via USPS certified mail number: 9214890142980492789026

15. Within the letter sent to the Defendant, the Plaintiff stated: *"...Please send all that you have, letters to my address are troublesome for me and I prefer to keep my personal matters private, so only send anything you have to my email address."* On January 11, 2024, at 6:39 am the Defendant RESURGENT CAPITAL SERVICES L.P. received the Plaintiff's letter according to USPS certified mail number: 9214890142980492789026.

16. On January 29, 2024, the Plaintiff received a letter via mail from the Defendant instead of his email address, which the Plaintiff stated in his initial letter. The Defendant letter said: *"Resurgent Capital Services is a debt collector. We are trying to collect a debt that you owe to LVNV Funding LLC. We will use any information you give us to help collect the debt."* The Defendant's willful and/or neglect to continue to communicate with the Plaintiff via mail despite the Plaintiff's saying that his email address is the only convenient place to receive correspondence instead of the mail.

17. The Defendant has violated 15 U.S.C § 1692c(a)(1) by communicating with the Plaintiff at an inconvenient place via mail when the Plaintiff specifically stated that his email address was the only convenient place to handle his personal matters privately.

18. In contradiction to the aforementioned actions of the Defendant, it may assert a defense of a Bona Fide Error, claiming that any alleged violation of the Fair Debt Collections Practices Act was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, pursuant to 15 U.S.C § 1692k(c). However, the continual nature of Defendant's violations and its persistence in attempting to collect the alleged debt and continuing to communicate with the Plaintiff at an inconvenient place via mail when the Plaintiff stated that his email address is the only convenient place, strongly suggest a wilful disregard for the FDCPA, rather than a bona fide error.

19. This action constitutes a willful violation of 15 U.S.C § 1692c(a)(1) by the Defendant by communicating with the Plaintiff at a inconvenient place, after being notified by the Plaintiff that his email address is the only convenient place.

20. The Plaintiff has suffered actual damages because the Defendant disregarded the laws set out by Congress, specifically 15 U.S.C § 1692c(a)(1). The Plaintiff has also suffered, loss of time, anxiety, mental stress, and intrusion upon seclusion due to invasion of privacy.

21. The Defendant had no authorization to intrude on the Plaintiff seclusion by communicating with Plaintiff via mail, the Plaintiff stated that his email address is the only convenient place to handle his private affairs. This intrusion was offensive to a reasonable person and it was a private matter since the Defendant willfully sent the

correspondence letter to the Plaintiff mail, which is public. The Plaintiff wanted the correspondence letter to only be sent to his private email address for his eye only. The Defendant willfully disregarded the Plaintiff written notice and has caused substantial harm to the Plaintiff by invading his privacy.

## COUNT I VIOLATION OF THE FDCPA

## (DEFENDANT RESURGENT CAPITAL SERVICES L.P.)

## 15 U.S.C § 1692c(a)(1)

22. The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

23. The Defendant RESURGENT CAPITAL SERVICES L.P. has violated the FDCPA.

24. The Defendant RESURGENT CAPITAL SERVICES L.P. violation includes, but not limited to, the following: The Defendant has violated 15 U.S.C. § 1692c(a)(1) because the Defendant continued to communicate with the Plaintiff at an inconvenient place, which was the mail after receiving written notice that email was the most convenient place for the Plaintiff.

25. The Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs.

## COUNT II INVASION OF PRIVACY - INTRUSION UPON SECLUSION

## (DEFENDANT RESURGENT CAPITAL SERVICES L.P.)

26. The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

27. The privacy rights of an Illinois citizens, as protected by both common law and statutory, and it's invasion is unconscionable.

28. At all times pertinent and relevant to the incidents described in this complaint, MICHAEL A WILLIAMS had a right to privacy guaranteed by the Constitution of the State of Illinois and its statutory and common law.

29. Defendant intentionally communicating with the Plaintiff at an inconvenient place via mail when the Plaintiff specifically stated that his email address was the only convenient place to handle his personal matters privately. Therefore, the Plaintiff never consented to receive any correspondence via mail only to his email address. This action by the Defendant intruded upon Plaintiff's right to seclusion, solitude, and privacy.

30. Defendant's intrusion upon Plaintiff's seclusion by sending written communication to a inconvenient place via mail of the Plaintiff after the Defendant being notified from the Plaintiff that his email address is the only convenient place of communication. This action is offensive and objectionable to a reason person concerning this matter.

31. As a result of the preceding, Defendant have unlawfully invaded MICHAEL A WILLIAMS'S privacy and caused injury.

## IV. JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Michael A Williams, respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendant for the following:

A. Judgement for violating 15 U.S.C. § 1692c(a)(1) of the FDCPA.

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Cost of the action pursuant to 15 U.S.C. § 1692k(a)(3)

E. Any and all relief that the court deems proper.

Respectfully submitted,

By: *[signature]*

Dated: 2-16-24

Michael A Williams
1130 S Canal #1240
Chicago, IL 60607
312- 841-9560
mikewill217@yahoo.com