## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-CV-1351 |
| | ) | |
| RESURGENT CAPITAL SERVICES, L.P. | ) | Judge Kennelly |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS

Defendant Resurgent Capital Services, L.P. ("Defendant"), by and through its undersigned attorneys, hereby moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support of which state as follows:

### INTRODUCTION

The case at bar is an action for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA") arising from a letter sent by Plaintiff to Defendant requesting that Defendant not contact him via letter but only via email. (ECF No. 1 at ¶15.) Plaintiff claims that Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an inconvenient place via mail. (Id. at ¶17.) Based on these allegations, Plaintiff asserts two counts: (1) violation of 15 U.S.C. § 1692c(a)(1) and (2) invasion of privacy/intrusion upon seclusion. (ECF No. 1.) Plaintiff's claims, however, suffer from fatal flaws which necessitate their dismissal.

### STATEMENT OF FACTS

On or about January 2, 2024, Plaintiff sent a letter to Defendant which states:

> I receive a correspondence from you and wass shocked to see that the balance of $1,072.00 for account XXXXXXXXXXX5058 & a balance of $1,373.83 for account XXXXXXXXXXXX1271 is inflated. I respectfully decline to pay the debt. I has never done business with you. Please send all that you have, letters to my

address are troublesome for me and I prefer to keep my personal
matters private, so only send anything you have to my email address.

(Exhibit 1, Pl.'s Jan. 2, 2024 Letter (*sic*) *typos in exhibit*.) Because the letter contained a dispute

about the amount owed, Defendant sent a response on January 19, 2024 via letter to Plaintiff in

the mail which included an account summary. (Exhibit 2, Def.'s Jan. 19, 2024 Letter.)

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must state a claim to relief that is plausible on

its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007);

*Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). The plaintiff must plead

sufficient factual content from which the Court can "draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009). The Court must construe all allegations in the light most favorable

to the plaintiff, accept all well-pleaded facts set forth in the complaint as true, and draw all

inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co*., 624 F.3d

834, 837 (7th Cir. 2010). Allegations in the form of legal conclusions, as well as threadbare recitals

of the elements of a cause of action, supported by conclusory statements, do not suffice. *Adams*,

742 F.3d at 728. Pursuant to Rule 12(b)(6), dismissal is proper where "the plaintiff can prove no

set of facts that would entitle him to relief." *Marshall Mosby v. Corporate Receivables, Inc*., 205

F.3d 323, 326 (7th Cir. 2000). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the

complaint, rather than the factual sufficiency. *See Szabo v. Bridgeport Machines, Inc*., 249 F.3d

672, 675 (7th Cir. 2001).

In deciding a Rule 12(b)(6) motion to dismiss, the Court can consider any documents

incorporated or referenced in the complaint. *See Continental Cas. Co. v. American Nat. Ins. Co*.,

417 F.3d 727, 731 (7th Cir. 2005) ("Documents that a defendant attaches to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim."); *Knafel v. Chicago Sun-Times, Inc.*, 413 F.3d 637, 640 (7th Cir. 2005) (same). Exhibits to a motion to dismiss that are referred to in the complaint and are central to a plaintiff's claims are to be considered on a motion to dismiss just as if the plaintiff had attached them as exhibits to her complaint. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). When allegations in a complaint conflict with exhibits attached to a motion to dismiss that are considered, the exhibits control when they reveal facts that foreclose recovery as a matter of law. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 873 F. Supp. 111, 123 (N.D. Ill. 1995), aff'd, 67 F.3d 605 (7th Cir. 1995).

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant moves for dismissal of the Complaint on the ground that, as a matter of law, Williams cannot bring the alleged FDCPA claims based on the mailing of a letter to him.

## ARGUMENT

### I. THE FDCPA DOES NOT SUPPORT PLAINTIFF'S CLAIM WHICH IS BASED ON THE ACT OF MAILING A REQUIRED NOTICE TO PLAINTIFF

Congress enacted the FDCPA with the goal of eliminating abusive debt collection practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010) (citing 15 U.S.C. § 1692(e)). To achieve this goal, the Act sets forth various standards regulating interactions between consumer debtors and debt collectors, which are enforced through administrative action and private lawsuits. *Id*.

15 U.S.C. § 1692c(a)(1) provides that a debt collector cannot communicate with a consumer "in connection with the collection of any debt" "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). Neither requirement is satisfied here.

3

First, there are no allegations in the complaint that Defendant either communicated with Plaintiff at 1) any unusual time or place or 2) a time or place known to be inconvenient to the consumer; thus, dismissal of his claim under 15 U.S.C. § 1692c(a)(1) is warranted. *LaCourte v. JP Morgan Chase & Co.*, No. 12 CIV. 9453 JSR, 2013 U.S. Dist. LEXIS 129993 (S.D.N.Y. Sep. 4, 2013). The letter from Plaintiff to Defendant, Ex 1, does not contain any information that would put Defendant on notice of an unusual time, or an unusual place – the first two parts of the statutory restriction under 1692c(a)(1) ("at any unusual time or place"). Nor does the letter provide notice of a time or place "which should be known to be inconvenient to the consumer," the third part of the restriction, given that the letter identifies no actual time and no actual place as "inconvenient."

What the Plaintiff's letter does say, is that a specific "medium" of communication is more convenient than other "mediums" of communication. *Cf. Olu Omodunbi v. Gordin & Berger, P.C.*, Civil Action No. 17-7553 (ES) (JSA), 2021 U.S. Dist. LEXIS 219323 *17 (D.N.J. Nov. 12, 2021)(emails are a medium of "communication" under 15 U.S.C. § 1692a(2)); CFPB, Debt Collection Practices (Regulation F), Supplement 1 to Part 1006, Official Interpretation 2(d), 85 FR 76734-01, *76895(the Consumer Financial Protection Bureau's Regulation F interpreted the term "any medium" in 15 U.S.C. § 1692a(2) to include "any oral, written, electronic, or other medium. For example, a communication may occur in person or by telephone, audio recording, paper document, mail, email, text message, social media, or other electronic media."); *id.* at* 76896-768967, Official Interpretation 6(b)(1)(providing examples of designations of inconvenience - designating Tuesdays and Thursdays as bad, "I cannot talk now," etc.).

But even if the Plaintiff's letter was construed as an expression of an inconvenient time or place, the Official Commentary provides that a single follow up communication <u>in the same medium</u> of the consumer's communication is permitted:

> If a consumer initiates a communication with a debt collector at a time or from a place that the consumer previously designated as inconvenient, the debt collector may respond once at that time or place through the same medium of communication used by the consumer.

*Id*. at* 76896-768967,76762-76763, Official Interpretation 6(b)(1). Indeed, in this case, nothing more occurred than the sending of a follow up message in the same medium that the Plaintiff used to send his message to Defendant, *i.e*, the US Mail.

Second, 15 U.S.C. § 1692g(b), governing disputed debts, expressly requires mailing a response to a consumer's dispute, before collection activity can proceed:

> (b) Disputed Debts
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector….

15 U.S.C. § 1692g(b) (emphasis added). The Defendant's January 19 letter was mailed in compliance with § 1692g(b). 15 U.S.C. § 1692c(a)(1) cannot be construed in a manner that prevents a party from satisfying the express statutory requirement for mailing verification of the debt under § 1692g(b), which allows a debt collector to resume collection. *Marino v. Hoganwillig, PLLC*, 910 F.Supp.2d 492, 496 (W.D. N.Y. 2012); *Clark v. Cap. Credit & Collection Servs., Inc*., 460 F.3d 1162, 1172 (9th Cir. 2006).

Third, while the complaint alleges that the Defendant's January 19th letter was an attempt to collect a debt, (ECF No. 1 at ¶¶13, 16.), the January 19th letter was actually sent in response to Plaintiff's January 2 letter disputing the debt; and more importantly the January 19th letter does not contain any demand for payment. (See Ex 2.) An express demand for payment, while not

categorically required to qualify a letter as a communication in connection with the collection of a debt, if lacking, is a telling indicator that the "animating purpose" of the communication was not to solicit payment of the debt. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384–85 (7th Cir.2010); *Billups v. Retail Merchants Ass'n, Inc.*, 620 F. App'x 211, 214 (5th Cir. 2015); *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 915 (8th Cir. 2014); *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *Flinn v. Michael J. Scott, P.C.*, Civil Action No. 3:14-CV-0701-N, 2014 U.S. Dist. LEXIS 186778 (N.D. Tex. Dec. 2, 2014)(following *Gburek*). *Compare with Schultz v. Sw. Credit Sys., LP,* No. 16-CV-2033-LRR, 2017 U.S. Dist. LEXIS 225161 (N.D. Iowa Oct. 13, 2017)(verification of debt also stating, "Please remit the balance in full to our office upon receipt of this letter," construed as a demand for payment).

Here the statutorily required verification provided to Plaintiff did not include a demand for payment and cannot be construed as being "in connection with the collection of any debt."

Fourth, as noted above, Plaintiff's claim relates to the "medium" of communication (*e.g.*, e-mail vs U.S. Mail) not its time or place. When regulating the mediums available to communicate with a consumer – including by phone, text and email – the CFPB put restrictions on the medium of communication under 12 C.F.R. § 1006.14, which governs harassing, oppressive or abusive conduct, under the authority of 15 U.S.C. § 1692d. Under 12 CFR § 1006.14(h), a consumer can restrict the medium of communication used by a debt collector – *e.g.*, no calls, no emails, no texts - but that restriction is subject to an exception for required communications. The regulation says –

> (h)(1) In general. In connection with the collection of any debt, a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person.
>
> (2) Exceptions. Notwithstanding the prohibition in paragraph (h)(1) of this section:

\*\*\*

(ii) If a person initiates contact with a debt collector using a medium of communication that the person previously requested the debt collector not use, the debt collector may respond once through the same medium of communication used by the person; or

(iii) If otherwise required by applicable law, a debt collector may communicate or attempt to communicate with a person in connection with the collection of any debt through a medium of communication that the person has requested the debt collector not use to communicate with the person.

Both exceptions apply in this case. Plaintiff mailed his dispute letter dated January 2 via US Mail, to which Defendant responded once by US Mail on January 19 (coming within the (h)(2)(ii) exception) and the statute – 15 U.S.C. § 1692g(b) – requires mailing of verification (coming within the (h)(2)(iii) exception). The official commentary provides the following example:

14(h)(2) Exceptions.

1. Legally required communication media. Under § 1006.14(h)(2)(iii), if otherwise required by applicable law, a debt collector may communicate or attempt to communicate with a person in connection with the collection of any debt through a medium of communication that the person has requested the debt collector not use to communicate with the person. For example, assume that a debt collector who is also a mortgage servicer subject to the periodic statement requirement for residential mortgage loans under Regulation Z, 12 CFR 1026.41, is engaging in debt collection communications with a person about the person's residential mortgage loan. The person tells the debt collector to stop mailing letters to the person, and the person has not consented to receive statements electronically in accordance with 12 CFR 1026.41(c). Although the person has requested that the debt collector not use mail to communicate with the person, § 1006.14(h)(2)(iii) permits the debt collector to mail the person periodic statements, because the periodic statements are required by applicable law.[1]

In this case, the statute governing disputes, 15 U.S.C. § 1692g(b), expressly states that:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease

---

[1] https://www.consumerfinance.gov/rules-policy/regulations/1006/14/#h-1

collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C.A. § 1692g(b) (emphasis added). Even if construed liberally as a *pro se* pleading, there

is simply no plausible claim for relief pled in the complaint based on the facts alleged.

<u>**CONCLUSION**</u>

For all the foregoing reasons, Defendant Resurgent Capital Services, L.P. respectfully

requests that the Court dismiss this action for failure to state a claim, and for such other and further

relief that the Court deems just and proper under the circumstances.

Dated March 14, 2024.

Respectfully submitted,
Attorneys for Defendant
Resurgent Capital Services LP

*/s/ Nabil G. Foster*
Nabil G. Foster
Alyssa A. Johnson
BARRON & NEWBURGER, P.C.
53 W. Jackson Blvd., # 1205
Chicago, IL 60604
Telephone: 312-767-5750
Facsimile: 312-229-9203
nfoster@bn-lawyers.com
ajohnson@bn-lawyers.com

### CERTIFICATE OF SERVICE

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of the **DEFENDANT'S MOTION TO DISMISS** upon the following individual(s), by deposit in an U.S. mailbox, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 229-9203, or electronically via email or the Case Management/Electronic Case Filing System ("ECF") as indicated, on **March 14, 2024** to the following individuals:

|  |  |  |
|---|---|---|
| X | CM/ECF | *Plaintiff Pro-Se* |
| ___ | Facsimile | |
| ___ | Federal Express | Michael A. Williams |
| X | E-Mail | 1130 S Canal #1240 |
| X | U.S. Mail | Chicago, IL 60607 |
| ___ | Messenger | Telephone: (312) 841-9560 |
| | | Email: mikewill217@yahoo.com |

Nabil G. Foster                          /s/ Nabil G. Foster
Alyssa A. Johnson                          Nabil G. Foster
BARRON & NEWBURGER, P.C.          One of the Attorneys for Defendant
53 W. Jackson Blvd., # 1205
Chicago, IL 60604
Telephone: 312-767-5750
Facsimile: 312-229-9203
nfoster@bn-lawyers.com
ajohnson@bn-lawyers.com