UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL A WILLIAMS** <br> **Plaintiff,** <br> <br> v. <br> <br> **RESURGENT CAPITAL SERVICES L.P.** <br> **Defendant,** | ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) Case No. 1:24-cv-1351 <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO OPPOSITION TO RESURGENT CAPITAL SERVICES L.P. MOTION TO DISMISS**

COMES NOW, Plaintiff Michael A Williams (hereinafter "Plaintiff") requests that this Honorable Court deny the motion presented by RESURGENT CAPITAL SERVICES L.P. (hereinafter "Defendant"). Plaintiff requests that the Court take notice that Plaintiff has set forth his individual claim under Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. 1692, et seq. specifically 15 U.S.C. § 1692c(a)(1) and also violation of intrusion upon seclusion. The Plaintiff seeks to be permitted to proceed on the complaint that was filed, or in the alternative provide an opportunity to amend to more clearly set forth those claims as follows:

**I.  PRELIMINARY STATEMENT**

Plaintiff filed his complaint against the Defendant for violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. 1692, et seq. (Doc 1). The Plaintiff sent a letter to the Defendant stating that letters to his address are troublesome and wanting any

correspondence sent to his email address. The Defendant disregarded the Plaintiff's notice and continued to send a letter of communication to collect a debt to the Plaintiff's address instead of his email address. The Plaintiff's complaint states that the Defendant was prohibited from communicating with the Plaintiff at his address, which is an inconvenient place and the only convenient way of communication was to the Plaintiff's email address. The two counts asserted within the Plaintiff's complaint were: (I) violation of 15 U.S.C. § 1692c(a)(1) and (II) invasion of privacy/intrusion upon seclusion. The Defendant filed a Motion to Dismiss on (Doc 8) against the Plaintiff for failure to state a claim for relief. The Plaintiff is moving the court with his Motion To Opposition To Resurgent Capital Services L.P.'s Motion to Dismiss.

## II.     STATEMENT OF FACTS

It seems that the Defendant is trying to construe the court into believing that the Plaintiff's letter is stating that a specific "medium" is inconvenient and that is false. The Plaintiff letter sent to Defendant on or about January 2, 2024 (Exhibit 1 in Defendant's Motion to Dismiss) states:

> I receive a correspondence from you and wass shocked to see that the balance of $1,072.00 for account XXXXXXXXXXX5058 & a balance of $1,373.83 for account XXXXXXXXXXXX1271 is inflated. I respectfully decline to pay the debt. I has never done business with you. Please send all that you have, letters to my address are troublesome for me and I prefer to keep my personal matters private, so only send anything you have to my email address.

The Plaintiff clearly stated that sending letters to <u>his address is troublesome</u> (emphasis added), which would be an inconvenient place to receive mail, and that his email address is

the only convenient place since it is more private. The Plaintiff's letter gave written notice to the Defendant to send all correspondence only to his email address. Regardless of the Plaintiff's notice the Defendant continued to send a letter (Exhibit 2 in Defendant's Motion to Dismiss) to the Plaintiff's inconvenient address instead of his email address.

### III. THE PLAINTIFF'S COMPLAINTS MEETS THE REQUIREMENTS OF THE FEDERAL RULE OF CIVIL PROCEDURES 8(a) AND DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED

The Defendant is asking the court to dismiss the Plaintiff's complaint under rule 12(b)(6) that the Plaintiff's complaint fails to state a claim upon which relief can be granted. That is false, since the Plaintiff has stated a plausible claim, and set forth sufficient factual allegations to support that claim to survive a Motion to Dismiss and stated his claim for relief. *Ashcroft v. Iqbal, 556 U.S. 662, 663-664 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, (2007))*.

In the event the Defendant misunderstood the applicability of Rule 12(b)(6) of the Federal Rules, Defendant's Motion should be denied. The Plaintiff's complaint has all 8 elements of a claim that state the who, where, what, when, how, the law violated, the victim, and damages. Furthermore, the Plaintiff's complaint meets the claim of relief under the Federal Rule Of Civil Procedures 8(a). Rule 8(a) states:

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the

pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief

in the alternative or different types of relief.

## IV.     ARGUMENT

The Plaintiff's complaint is supported by the FDCPA since this cause of action was brought under 15 U.S.C § 1692c(a)(1). This particular statute states that a debt collector cannot communicate with a consumer "in connection with the collection of any debt" "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. The Plaintiff sufficiently pleaded all elements to bring this claim against the Defendant.

    The Plaintiff has stated factual allegations against the Defendant for violating FDCPA in his complaint. The Plaintiff gave written notice to Defendant that his address was an inconvenient place to receive mail and that his email address was the only way to communicate with the Plaintiff. The Defendant failed to meet 15 U.S.C § 1692c(a)(1) and invaded the Plaintiff's privacy by sending a letter to his address for a collection of an alleged debt. The Defendant knew or should have known that the Plaintiff's address was an inconvenient place after receiving the Plaintiff's letter. *Duran v. Midland Credit Mgmt., Inc., 2016 WL 3661538 (S.D.N.Y. June 30, 2016).* The Defendant's Motion to Dismiss should be denied.

    The Defendant states that the Plaintiff's letter is saying that a specific medium is more convenient than other mediums of communication that is false. The Plaintiff's address is the inconvenient place to receive mail from the Defendant and that the Plaintiff's email

address was the only way to communicate with the Plaintiff. For the Defendant assertion to hold any water about specific mediums being convenient than other mediums, the Plaintiff letter would of said something along the lines of: <u>letters are troublesome</u> instead of <u>letters to my address are troublesome</u>. This clearly states that the Plaintiff address is an inconvenient place, which holds merit under 15 usc 1692c(a)(1). If we take a look at Official Interpretation 6(b)(1)(ii) it states:

"Section 1006.6(b)(1)(ii) prohibits a debt collector from communicating or attempting to communicate with a consumer in connection with the collection of any debt at any unusual place, or at a place that the debt collector knows or should know is inconvenient to the consumer. Some communication media, such as mailing addresses and landline telephone numbers, are associated with a place. Pursuant to § 1006.6(b)(1)(ii), a debt collector must not communicate or attempt to communicate with a consumer through media associated with an unusual place, or with a place that the debt collector knows or should know is inconvenient to the consumer. Other communication media, such as email addresses and mobile telephone numbers, are not associated with a place. Section 1006.6(b)(1)(ii) does not prohibit a debt collector from communicating or attempting to communicate with a consumer through such media unless the debt collector knows that the consumer is at an unusual place, or at a place that the debt collector knows or should know is inconvenient to the consumer." This gives clarity that the Plaintiff's address is associated with a place and that the debt collector knows or should have known that the Plaintiff's address was an inconvenient place.

The Defendant also says that in the Official Commentary, it states that a follow-up communication in the same medium of the consumer's communication is permitted, which

is false as well. Using the Defendant example in the Official Interpretation comment 6(b)(1)-1.i If the consumer told the debt collector to not call on Tuesday and Thursday because it is an inconvenience, and then the consumer calls on Tuesday (the day he previously designated as an inconvenience) to the debt collector then the debt collector can send a follow-up communication. This type of scenario of previously designated inconvenience didn't happen when the Plaintiff sent his Januray 2nd letter to the Defendant.

In section 6(b)(1)-1 of the Official Interpretation, states that the follow-up message from a debt collector ask follow-up questions regarding whether a time or place is convenient to clarify statements by the consumer, but the Defendant letter (Exhibit 2 in Defendant's Motion to Dismiss) does not include any statement of that nature to be a follow-up message to clarify the plaintiff statement in the letter.

The Defendant states that they have a statutory requirement for mailing verification of the debt under 15 U.S.C § 1692g(b), which is false as well. For 15 U.S.C § 1692g(b) to hold merit the correspondence from the Defendant has to be the "initial communication" within the 30 day period. The last correspondence that the Plaintiff has from the Defendant at this moment is dated August 7, 2023 (Exhibit 1). The Defendant's January 19 letter that was mailed to the Plaintiff is not in compliance with 15 U.S.C § 1692g(b) and 15 U.S.C § 1692c(a)(1) was required from the Defendant to obey the Plaintiff's request and privacy to not send the letter to the Plaintiff's address that was an inconvenient place. *Chauncey v. JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997).* The Defendant was outside of the 30-day period for mailing verification under 15 U.S.C § 1692g(b).

Furthermore, Defendant states that the January 19th letter was in response to Plaintiff's January 2nd letter and that the January 19th letter does not contain any demand

for payment. Now that the Defendant was outside of the 30-day period this letter was a communication to solicit payment from the Plaintiff. The Defendant states in the January 19th letter that: "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector." and on the second page it states: "Resurgent Capital Services is a debt collector. We are trying to collect a debt that you owe to LVNV Funding LLC. We will use any information you give us to help collect the debt."

An attempt to collect a debt qualifies as a communication "in connection with the collection of any debt" will give any least sophisticated consumer the impression that a debt is owed. We can concluded that a letter was "an attempt to collect a debt" and therefore that it was an communication in connection with the collection of a debt *Caceres v. McCalla Raymer, LLC, 755 F.3d 1299 (11th Cir. 2014)* to challenge *Gburek v. Litton Loan Servicing, 614 F.3d 380 (7th Cir. 2010).*

Using the "least sophisticated consumer" standard any least sophisticated consumer would think this is an attempt to collect a debt and not a response to disputing a debt. "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law.") *Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).*

## CONCLUSION

Wherefore, Plaintiff Michael A Williams, respectfully requests that the Defendants' Motion to Dismiss be dismissed in full for all of the foregoing reasons and for such other relief that the court deems proper

Respectfully submitted,

By: /s/ Michael A Williams

Dated: April 11, 2024

Michael A Williams

1130 S Canal #1240

Chicago, IL 60607

312- 841-9560

mikewill217@yahoo.com

## **CERTIFICATE OF FILING AND SERVICE**

I, Michael A Williams, state as follows under penalty of perjury this 11th day of April 2024:

1. I filed *PLAINTIFF'S MOTION TO OPPOSITION TO RESURGENT CAPITAL SERVICES L.P. MOTION TO DISMISS* by filing with the Case Mangement/Electronic Case Filing System "ECF"

2. I served *PLAINTIFF'S MOTION TO OPPOSITION TO RESURGENT CAPITAL SERVICES L.P. MOTION TO DISMISS* through email by electronic means to the Defendant's following personal email addresses and CM/ECF on April 11th 2024:

Nabil G. Foster & Alyssa A. Johnson
53 W. Jackson Blvd., #1205
Chicago, IL 60604
312-767-5750
nfoster@bn-lawyers.com
ajohnson@bn-lawyers.com

/s/  Michael A Williams

# EXHIBIT 1

PO Box 510090
Livonia MI 48151-6090





PIEFN701K00433

MICHAEL WILLIAMS
1130 S CANAL ST # 1240
CHICAGO, IL 60607-4907

Account Number: ***********5058
Original Creditor: Credit One Bank, N.A.
Current Owner: LVNV Funding LLC
Reference ID: 724678802
Balance: $1,072.00
Accountholder Name: Michael Williams

August 07, 2023

Dear Michael Williams,

We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Resurgent Capital Services L.P.

Enclosure

**Please read the following important notices as they may affect your rights.**
This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.


**Hours of Operation**
8:00AM-9:00PM EST
Monday - Thursday
8:00AM-7:00PM EST
Friday
9:00AM-5:00PM EST
Saturday - Sunday


*General Disputes/Correspondence*
PO Box 10497
Greenville, SC 29603-0497
*Credit Bureau Disputes*
PO Box 1269
Greenville, SC 29602


**Contact Numbers**
Toll Free Phone
1-866-464-1187
Toll Free Fax
1-866-467-0163


**Customer Portal**
Resurgent.com



PIEFN701K004330043301O3C0400

32400018-VERACS-CS

## ACCOUNT SUMMARY REPORT
8/7/2023 9:40:27 AM

This account summary has been prepared by Resurgent Capital Services on behalf of LVNV Funding LLC. It is not a credit card or other account statement from the original creditor.

### Borrower Information

| | |
|---|---|
| Name: | MICHAEL WILLIAMS |
| Address: | 1130 S Canal St # 1240 |
| City: | Chicago |
| State: | IL |
| Zip Code: | 60607-4907 |

### Account Information (Basis of Obligation)

| | |
|---|---|
| Owner: | LVNV Funding LLC |
| Resurgent Reference #: | [redacted] |
| Original Creditor: | Credit One Bank, N.A. |
| Account Number: | XXXXXXXXXX5058 |
| Current Balance Due: | $1072.00 |
| Type of Account: | Bankcard |
| Date of Last Payment: | 12/03/2021 |

### Historical Account Information

| | |
|---|---|
| The original creditor for this account was: | Credit One Bank, N.A.<br>P.O. Box 98873<br>Las Vegas, NV 89193 |
| The origination date with original creditor was: | 09/29/2021 |
| The account charge-off date was: | 07/12/2022 |
| The account charge-off amount was: | $1,072.00 |
| The account was acquired on or about: | 08/17/2022 |
| The account balance at time of acquisition: | $1,072.00 |

This communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.



Page 1 of 1

**CREDIT ONE BANK CREDIT CARD STATEMENT**
Account Number
June 12, 2022 to July 11, 2022

### SUMMARY OF ACCOUNT ACTIVITY

| | |
|---|---:|
| Previous Balance | $1,013.59 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Purchases | $0.00 |
| Balance Transfers | $0.00 |
| Cash Advances | $0.00 |
| Fees Charged | $39.00 |
| Interest Charged | $19.41 |
| New Balance | $1,072.00 |
| Credit Limit | $700.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 07/11/22 |
| Days in Billing Cycle | 30 |

**QUESTIONS?**
Call Customer Service or Report
a Lost or Stolen Credit Card  1-877-825-3242
Outside the U.S. Call  1-702-405-2042

Please send billing inquiries and correspondence to:
P O Box 98873, Las Vegas, NV 89193-8873

### PAYMENT INFORMATION

| | |
|---|---:|
| New Balance | $1,072.00 |
| Past Due Amount | $222.00 |
| Amount Due This Period | $889.00 |
| Minimum Payment Due | $1,072.00 |
| Payment Due Date | 08/07/22 |

**Late Payment Warning:**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $39.

**Minimum Payment Warning:**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance.

For example:

| If you make no additional charges using this card and each month you pay | You will pay off the balance shown on the statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 1 months | $1,072.00 |

If you would like a location for credit counseling services, call 1-866-515-5720. Or you may visit www.justice.gov/ust/list-credit-counseling-agencies-approved-pursuant-11-usc-111

### TRANSACTIONS

| Reference Number | Trans Date | Post Date | Description of Transaction or Credit | Amount |
|---|---|---|---|---:|
| | | | **Fees** | |
| | 07/11 | 07/11 | LATE FEE | 39.00 |
| | | | TOTAL FEES FOR THIS PERIOD | 39.00 |
| | | | **Interest Charged** | |
| | 07/11 | 07/11 | Interest Charge on Purchases | 19.41 |
| | 07/11 | 07/11 | Interest Charge on Cash Advances | 0.00 |
| | | | TOTAL INTEREST FOR THIS PERIOD | 19.41 |

**2022 Totals Year-to-Date**

| | |
|---|---:|
| Total fees charged in 2022 | $263.00 |
| Total interest charged in 2022 | $113.30 |

Your account is currently closed.

**NOTICE OF CHANGE IN TERMS TO YOUR CARD AGREEMENT**
The Balance Transfer provisions in your Card Agreement are now in effect. All other terms disclosed in your Card Agreement remain unchanged. Please keep a copy of this document with your Card Agreement for future reference.

### INTEREST CHARGE CALCULATION

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---:|---:|
| Purchases | 25.49%(v) | $913.62 | $19.41 |
| Cash Advances | 25.49%(v) | $0.00 | $0.00 |

(v) = Variable Rate

---

5385  JBH  001  / 11  220711  0  C X PAGE 1 of 1  2 0 5388 6300 A312 01GQ5385

Please return this portion with your payment, and write your account number on your check, made payable to CREDIT ONE BANK

**CreditOne BANK**

For address, telephone and email changes please complete the reverse side Or, update your contact information online at www.CreditOneBank.com

**PAY YOUR BILL ONLINE at CreditOneBank.com**

| | |
|---|---|
| Account Number: | |
| New Balance: | $1,072.00 |
| Minimum Payment Due: | $1,072.00 |
| Payment Due Date: | 08/07/22 |
| **AMOUNT ENCLOSED:** | $ |

CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

MICHAEL WILLIAMS
4745 S VINCENNES AVE APT 2
CHICAGO IL 60615-1420

0000000  0107200  0107200  9

PIEFN701K00433004330203K0000