IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24 C 1351 |
| ) | |
| RESURGENT CAPITAL SERVICES, L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Michael Williams has sued Resurgent Capital Services (RCS) for violation of the Fair Debt Collection Practices Act (FDCPA). RCS has moved to dismiss Williams's complaint for failure to state a claim. For the reasons stated below, the Court grants RCS's motion to dismiss.

### Facts

On or about January 23, 2023, Williams obtained his consumer report maintained by TransUnion. Williams noticed on the report an inflated balance concerning an account associated with RCS. RCS is a debt collector that is attempting to collect a debt of $1,373.83 allegedly owed by Williams to Capital One Bank USA.

On or about January 2, 2024, Williams sent a letter to RCS via certified mail in which he stated: "Please send all that you have, letters to my address are troublesome for me and I prefer to keep my personal matters private, so only send anything you have to my email address." Def.'s Mot. to Dismiss, Ex. 1. On January 11, 2024, RCS

received Williams's letter. On January 19, 2024, RCS send Williams a letter via regular mail in which RCS said it had "initiated a review of the inquiry recently received." *Id.*, Ex. 2. Williams alleges that by sending the January 19 letter, RCS violated 15 U.S.C. § 1692c(a)(1) because it responded to him by regular mail after he had informed RCS that it should contact him only by e-mail.

RCS makes three arguments in its motion to dismiss. First, RCS contends that Williams has not plausibly alleged that it contacted him at a place that it knew or should have known was inconvenient. Second, RCS argues that even if it did contact Williams at an inconvenient place, the FDCPA, specifically 15 U.S.C. § 1692g(b), required it to send its response by mail. Third, RCS maintains that all else aside, section 1692c does not apply to the letter because it was not "in connection with the collection of debt" as required by section 1692c(a).

## Discussion

The FDCPA, as relevant here, applies to communications by a debt collector to a consumer "in connection with the collection of debt." 15 U.S.C. § 1692c(a). In particular, the statute prohibits a debt collector from contacting a consumer in connection with the collection of debt at "a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). Williams contends that RCS's January 11 letter ran afoul of the prohibition.

RCS makes three arguments in support of dismissal of Williams's claim. First, it argues that Williams's request to be contacted only by e-mail does not indicate a "place" that is inconvenient to him. Second, RCS contends that its letter was a notice that the statute specifically requires a debt collector to mail to the consumer, and thus it did not

2

violate the statute by mailing the letter. Third, RCS argues that the letter was not sent in connection with the collection of a debt. The last of these points is dispositive, so the Court need not and does not address the first two.

Williams has not, and cannot, plausibly allege that RCS sent the January 19 letter in connection with the collection of debt. There is no bright-line rule regarding when a communication from a debt collector to a consumer is considered to be in connection with the collection of debt. *See Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). In *Gburek*, the court established a multi-factor test to determine this question, including whether the debt collector demanded payment in the communication, whether the relationship between the two parties arose only out of the defaulted debt, and whether the sole purpose of the communication was to collect a debt. *Id.*

*Gburek* involved three letters sent by the debt collector to the consumer, none of which included an express demand for payment. The first letter was an offer by the debt collector to discuss repayment options; the second attempted to encourage the consumer to settle the debt; and the third requested financial information from the consumer. The court held that the content each of the three letters was close enough to "demanding payment" from the consumer, so this factor weighed in favor of a finding that the communications were sent in connection with the collection of debt. *Id.*

In this case, by contrast, although RCS's letter to Williams stated the amount of debt claimed to be owed, RCS did not expressly demand payment in the letter. Williams contends that the letter was sent in connection with the collection of debt because it includes the language, "this is an attempt to collect a debt." *Id.* That,

3

however, is a standard FDCPA disclaimer, and *Gburek* says that such standard disclaimers do "not automatically trigger the protections of the FDCPA, just as the absence of such language does not have dispositive significance." *Gburek*, 614 F.3d at 386.

The court in *Gburek* also noted that whether the relationship arose only out of the defaulted debt is a relevant factor, but it did not analyze this factor in depth. *Id.* In *Ostojich v. Specialized Loan Servicing, LLC*, 618 F. Supp. 3d 778 (N.D. Ill. 2022), the defendant simply serviced the plaintiff's debt post-default; it had no prior relationship with the consumer. *Id.* at 789. The court held that this factor weighed in favor of a finding of applying the FDCPA, indicating that the absence of a prior relationship suggested that there was no reason for the defendant to contact the plaintiff other than for debt collection. *Id.* at 784. The Court assumes the same is true here; Williams stated in his January 2 letter to RCS that "I has never done business with you." Def.'s Mot. to Dismiss, Ex. 1.

The court in *Gburek* also considered the purpose and context of the communications between the debt collector and the consumer, viewed objectively. In that case, the purpose of the letters from the debt collector to the consumer was to discuss foreclosure alternatives and repayment options; this weighed in favor of a finding that the FDCPA applied to the letters. Similarly, in *Horkey v. J.V.D.B. & Associates*, 333 F.3d 769 (7th Cir. 2003), the court held that a debt collector's call to a consumer was made in connection with the collection of debt in part because the sole purpose of the call, made to the consumer's workplace, was to collect a debt. *Id.* at 774.

4

The same is not true in this case. Taken in context and viewed objectively, the purpose of RCS's letter was to advise Williams that RCS was reviewing the inquiry that Williams had made—not to try to collect the claimed debt. The letter essentially amounted to nothing more than an acknowledgement of Williams's earlier letter. Williams argues that the "least sophisticated consumer" would interpret the letter as an attempt to collect a debt. But the Seventh Circuit assesses FDCPA claims from the perspective of an "unsophisticated consumer," which is not the same as the "least sophisticated consumer" standard referenced by Williams. *See Bartlett v. Heibl*, 128 F.3d, 497, 500 (7th Cir. 1997). In particular, the court has stated, the unsophisticated consumer tends to read debt collectors' letters literally. *See Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). In Williams's letter, he asked RCS to send him all information regarding his debt; RCS's January 19 response stated simply that "[RCS] has initiated a review of the inquiry recently received." Def.'s Mot. to Dismiss, Ex. 2. The body of the letter made no reference to Williams's debt.

Not every communication between a debt collector and consumer is appropriately considered to have been in connection with the collection of debt. *See, e.g., Gburek*, 614 F.3d at 386. In this case, having considered the factors in *Gburek*, it cannot be alleged plausibly that RCS's letter was sent in connection with the collection of debt. For this reason, RCS is entitled to dismissal with prejudice of Williams's claim.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss [dkt. no. 8] and directs the Clerk to enter judgment stating: This case is dismissed with

5

prejudice.

Date: June 28, 2024

_____
MATTHEW F. KENNELLY
United States District Judge